IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DICKEY, MICHAEL<br>5631 34th St North, Arlington, VA 22207,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>serve:<br>ERIC H. HOLDER, JR.<br>Attorney General of the United States<br>950 Pennsylvania Ave NW<br>Washington, DC 20530<br><br>serve:<br>RONALD C. MACHEN, JR.<br>United States Attorney's Office<br>555 4th Street NW<br>Washington, DC 20530<br><br>　　　　and,<br><br>KURT ALEXANDER, in his individual capacity<br>245 Murray Ln NE,<br>Washington, DC 20528<br><br>　　　　Defendants. | Case No. |

### COMPLAINT

Pursuant to Fed. Rules Civ. Proc., Rule 3, Plaintiff, Michael Dickey ("Mr. Dickey"), by and through the undersigned counsel, hereby institutes this action against Defendants for equitable, compensatory and punitive relief, stating as follows:

## JURISDICTION

1. Jurisdiction is proper in this matter pursuant to 28 U.S.C § 1331.

## VENUE

2. Venue lies in this Court under 28 U.S.C. § 1391(e)(1) and (2) and pursuant to 28 U.S.C. § 1402(b).

## PARTIES

3. Plaintiff, Michael Dickey, ("Mr. Dickey") resides at 5631 34th St North, Arlington, VA 22207.

4. Defendant, United States of America is named pursuant to the torn claims act.

5. Defendant, Kurt Alexander, ("Inspector Alexander") is joined to this action in his individual capacity as an Officer working for the Federal Protective Services.

## FACTS

6. On July 1, 2013 at around 9:00am, Plaintiff, Mr. Dickey, arrived at the parking garage located at his place of employment at 1200 New Jersey Avenue, SE, Washington, DC.

7. At the same time, a bicyclist was riding his bicycle inside the parking garage and was forced to stop when Mr. Dickey attempted to turn into a parking space and did not see the bicyclist riding in his blind spot inside the parking garage.

8. Around 10:15 Defendant Alexander and his partner, Inspector Gary Brzozwald, arrived at the parking garage in response to an altercation.

9. After conducting a 3-5 minute interview with the Plaintiff, Defendant Alexander then conducted a much longer 20-30 minute interview with the Complainant. After an hour of waiting, Defendant Alexander informed Plaintiff that he was under arrest for simple assault.

10. Inspector Alexander then placed Mr. Dickey into handcuffs.

11. Mr. Dickey did not resist and was compliant.

12. In the course of conducting his arrest, Defendant Alexander forcibly pushed and pulled Mr. Dickey, which resulted in the ripping of one of Mr. Dickey's belt loops.

13. Defendant Alexander then proceeded to search Mr. Dickey and used his fingers to manipulate and move Mr. Dickey's genitals and penis three separate times.

14. After the third time, Mr. Dickey protested that his genitals and penis had been adequately searched and did not need to be touched any more.

15. Defendant Alexander replied to the Mr. Dickey that "you're under arrest" suggesting to Mr. Dickey that he had to be subjected to genital and penis touching.

16. Mr. Dickey responded that even if he was under arrest he was not allowed to be subjected to sexual assault.

17. Other security guards exchanged awkward looks with Mr. Dickey as they watched Defendant Alexander fondle his genitals and penis.

18. Additionally several bystanders from the building had stopped to observe Mr. Dickey's arrest and watched as Mr. Dickey had his genitals and penis fondled by Defendant Alexander time after time.

19. Defendant Alexander continued to manipulate and fondle Mr. Dickey's genitals and penis for a total of six (6) separate times.

20. Once inside the police transport Mr. Dickey spoke with Defendant Alexander about the search.

21. At this time Defendant Alexander admitted that he had to search Mr. Dickey's genitals and penis six (6) times because he had to switch his gloves from Kevlar to Latex.

22. Defendant Alexander admitted that he manipulated Mr. Dickey's genitals and penis three (3) times with Latex gloves and three (3) times with Kevlar gloves.

23. Mr. Dickey exhausted his administrative remedies by sending notice of his claim to the Federal Protective Services on or about May 13, 2014 (less than a year after the incident occurred), and more than six (6) months have expired without a response.

### COUNT ONE: BIVENS CLAIM VERSUS DEFENDANT ALEXANDER

**Use of Excessive Force and Unlawful Search and Seizure Under the Fourth Amendment of the Constitution of the United States**

24. Mr. Dickey hereby incorporates the foregoing paragraphs, as though fully set forth herein, and further alleges as follows:

25. Here, Mr. Dickey was being arrested for a simple assault due to a traffic incident at a federal government agency.

26. Under the circumstances, there could be no reasonable suspicion or probable cause to believe that Mr. Dickey was carrying drugs so the only conceivable reason to search Mr. Dickey would have been to search for a dangerous weapon.

27. None of the facts leading up to the arrest suggest Mr. Dickey was armed or dangerous.

28. The video tape that recorded the entire assault from start to finish, and which the officers relied upon in deciding whether to arrest Mr. Dickey, did not have any evidence that Mr. Dickey possessed a weapon.

29. Additionally, all of Mr. Dickey's interactions with the officers were peaceful and calm.

30. The scope of the search was unreasonable because Defendant Alexander had no reasonable suspicion or probable cause to believe that Mr. Dickey had a weapon hiding under or around his genital area.

31. The manner in which the search was conducted was also unreasonable because Defendant Alexander's searched and fondled Mr. Dickey's genitals and penis many more times than the situation called for.

   a. Even if Defendant Alexander had a reasonable suspicion or probable cause to believe that Mr. Dickey might have been wielding a weapon, one search of his genitals and penis would have been sufficient to determine if a weapon was present and therefore the scope of the search was excessive and unreasonable.

32. The justification for the initiation of the search is unreasonable because Mr. Dickey was not charged with a violent offense, was cooperative and calm, and Defendant Alexander had no reasonable suspicion or probable cause to believe that Mr. Dickey possessed a weapon.

33. The location where the search was conducted was unreasonable because Defendant Alexander intentionally humiliated Mr. Dickey by searching his genital region six

(6) separate times while in a public parking garage while in the presence of both officers and civilian bystanders who worked in the same building where Mr. Dickey was employed.

34. For all these reasons, Officer Alexander violated Mr. Dickey's Fourth Amendment Rights against use of excessive force and unreasonable searches by searching, and manipulating Mr. Dickey's genital region more times than necessary and without reasonable suspicion or probable cause to believe that Mr. Dickey was armed and dangerous, in a publicly humiliating manner.

35. Accordingly, Mr. Dickey seeks all remedies available to him as set forth in the demand for relief below.

**COUNT TWO: 28 U.S.C. §1346 CLAIM VERSUS THE UNITED STATES**

**Assault, Battery,
and Intentional Infliction of Emotional Distress**

36. Mr. Dickey hereby incorporates the foregoing paragraphs, as though fully set forth herein, and further alleges as follows:

37. Battery is tortious conduct whereby the Defendant intended to cause and caused a harmful or offensive touching.

   a. Defendant Alexander intended to cause and caused harmful or offensive touching by carefully equipping multiple gloves and then proceeding to fondle Mr. Dickey's genitals and penis over and over again.

   b. Additionally, Defendant Alexander intentionally touched and manipulated Mr. Dickey's genitalia in a

public parking garage in front of bystanders thereby offending and humiliating Mr. Dickey.

38. Assault is tortious conduct whereby the Defendant intended to create and created an apprehension of an immediate harmful or offensive touching.

   a. Defendant Alexander intended to cause and caused harmful or offensive touching by carefully equipping multiple gloves and then proceeding to fondle Mr. Dickey's genitals and penis over and over again.

   b. Additionally, Defendant Alexander intentionally touched and manipulated Mr. Dickey's genitalia in a public parking garage in front of bystanders thereby offending and humiliating Mr. Dickey.

39. Defendant Alexander's intentionally or recklessly caused Plaintiff severe emotional distress.

   a. Defendant Alexander's intentional touching and manipulation of Mr. Dickey's genitalia six times in a public parking garage constituted extreme and outrageous conduct beyond the bounds of common decency, conduct that a civilized society will not tolerate.

   b. Plaintiff suffered severe humiliation and emotional distress due to Defendant Alexander's outrageous and intentional conduct.

## Conclusion

WHEREFORE, Plaintiff requests the above premises considered, and that this Honorable Court award monetary damages against the Defendants in an amount to be determined at trial; and prays for such other relief that this Court deems appropriate.

RELIEF REQUESTED

40. Plaintiffs request all remedies available including, but not limited to:

   a. Actual damages;

   b. Compensatory damages;

   c. Punitive damages;

   d. Reasonable costs and attorneys' fees in an amount equal to 25% of any judgment entered, pursuant to 28 U.S.C. § 2678;

   e. Declaratory Relief that Mr. Dickey's rights were violated; and;

   f. Such other relief as the Court deems just and appropriate.

DATED: April 16, 2015

Respectfully Submitted,

Tyler Jay King, Esq.
Franklin Square Law Group
1225 Eye St., NW, Ste. 602
Washington, DC  20005

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable as such.

Respectfully submitted,

Tyler Jay King, Esq.